JONATHAN MARTIN v. THOMAS B. NIX.

Objections to the admissibility of evidence received on the trial in a Justice's
    Court, are not good ground for a certiorari, where the petition for certiorari
    shows that no injustice could have resulted from the admission of such evi-
    dence.
Where a written agreement is set up as a ground on which to claim a writ of
    certiorari, it should be set out, that the Court may judge of its effect and con-
    struction, and of its conformity with the allegations.
Upon the whole, the averments are not such as to show that there was error in
    law on the part of the Justice, or that there might not have been satisfactory
    and sufficient evidence in support of the judgment.

Error from Lamar.   Tried below before the Hon. William
S. Todd.

Petition for certiorari as follows :

Your petitioner, Jonathan Minton, a resident of Lamar
county, respectfully showeth to your Honor, that some-
time in the first part of the year 1855, he hired one
Thomas B. Nix, a resident of Lamar county, to work for
your petitioner for several months ; that said Nix and peti-
tioner entered into a written agreement for the term of labor,
from the first part of the year 1855 to sometime in November
of said year, by which said written agreement the said Nix
was to furnish a horse for the use of petitioner.   Petitioner
showeth that some time in the latter part of the year 1855, or
the first of the year 1856, the said Thomas B. Nix ·made an
account against your petitioner for the work and labor done
and performed under the said written agreement signed by
them, and instituted suit against your petitioner before one F.

Miles, a Justice of the Peace in Lamar county, claiming the amount specified in said agreement for the time he worked, some forty-odd dollars, adding some other small items, making in all the sum of $52 35 ; and that on the 23rd day of February, 1856, the trial came on to be tried, and the said Miles, J. P., rendered a judgment against petitioner for the sum of $50 37, besides cost of suit. Petitioner charges that on the trial of said cause he made his objections to plaintiff's being allowed to prove an account for labor when he produced the written agreement, which objections were overruled by said Justice, and admitted the account to be proven, which petitioner avers was contrary to the express stipulations of the written contract, and against law and justice. Your petitioner further showed by proof that the said Nix quit working for petitioner before his time expired by the written agreement, without any justifiable cause, and without the knowledge or consent of petitioner, or any other person as agent, and thereby he was not legally entitled to any consideration for work. Petitioner showeth that he having hired the said Nix to work for him, to make and gather a crop, and that he planted a crop for all the hands he had employed, and that some time in May, in a very busy time in working the crop, the said Nix quit his service in violation of the written agreement, and that petitioner was damaged by the failure of the said Nix to comply with his contract more than the value of the services rendered by him. Therefore, in consideration, &c.

It appeared from the docket of the Justice of the Peace, that Martin had "claimed $70 damages." Petition for certiorari dismissed.

*S. H. Morgan*, for plaintiff in error, cited 7 Tex. R. 250.

*Dillahunty* and *Wright*, for defendant in error, cited Hilliard v. Crabtree, 11 Tex. R. 264 ; O'Brien v. Dunn, 5 Id. 570 ; Ford v. Williams, 6 Id. 311.

Martin v. Nix.

HEMPHILL, CH. J. The motion to dismiss the petition for certiorari was properly sustained, The allegations in the petition are, some of them, not very clear. It was intended probably to aver that the Justice should have excluded parol evidence of the account by plaintiff for work and labor, where there was a written agreement. But it is stated in another part of the petition that the plaintiff made his account against the petitioner for the work and labor done and performed under the written agreement, and that he claimed the amount specified in the agreement for the time he worked. It seems, then, that the account was framed with reference and according to the terms of the agreement. Where a written agreement is set up as a ground on which to claim a writ of certiorari, it should be set out, that the Court may judge of its effect and construction, and of its conformity with the allegations.

Upon the whole, the averments are not such as to show that there was error in law on the part of the Justice, or that there might not have been satisfactory and sufficient evidence in support of the judgment.

Judgment affirmed.